SLR:KAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

        -v-

JOHN MARCIANO,

        Defendant.

- - - - - - - - - - - - - - - X

**ORDER
OF FORFEITURE**

Cr. No. 04-667 (S-1)(LDW)

        WHEREAS, in the forfeiture allegation of the above-captioned Superseding Indictment (the "Indictment"), the United States of America sought forfeiture of certain property of the defendant JOHN MARCIANO (the "defendant"), pursuant to 18 U.S.C. § 982(a)(1), as property that was "involved in" an offense, in violation of 18 U.S.C. § 1956, and/or as substitute property;

        WHEREAS, on March 8, 2007, the defendant pleaded guilty to Count One of the Indictment (charging Money Laundering Conspiracy);

        WHEREAS, pursuant to the plea agreement, the defendant consented to the entry of a forfeiture money judgment in the amount of $2,500,000.00 (two million five hundred dollars and no cents) (the "Forfeiture Money Judgment");

        WHEREAS, on December 5, 2007, the defendant satisfied in full the Forfeiture Money Judgment by check dated December 4, 2007;

WHEREAS, pursuant to the plea agreement, the defendant also consented to the forfeiture of his interest in the following:

(a) all funds or other monetary instruments on deposit at Fleet Bank, account no. 941823195, and held in the name of BRQ Ltd., Inc.;

(b) all assets of Gateway Investments, Ltd., including, but not limited to, all funds, securities, or other monetary instruments on deposit at E-Trade Financial, account no. 3029-3480, held in the name of Coral Construction Ltd. and beneficially owned by Gateway Investments, Ltd., and all right title and interest in Three Hundred Thousand (300,000) shares of common stock of Vesta Insurance Group held in the name of Coral Construction Ltd, and beneficially owned by Gateway Investments, Ltd., the issuance of which is documented by Certificate Number VI 25964, dated September 2, 2004;

(c) all assets of Sunrise Holdings, Ltd.;

(d) all assets of Ashdown Holdings, Ltd.;

(e) all assets of Medway Investments, Ltd.;

(f) all assets of Noord Holdings, Ltd.;

(g) all assets of Northwest Holdings, Ltd.;

(h) all assets of Magdalane Investments, Ltd.;

(i) all assets of St. Catherine's Investments Ltd., up to $300,000 of which may be credited towards the Forfeiture Money Judgment;

(j) any and all funds held for his benefit in Sinitus A.G.;

(k) real property located at 26 Avenue d'Iena, Paris, France 75016;

(l) all assets of Horeb Holdings;

(m) all assets of Vertical Financial Holdings;

   (n) all assets of Elono Portfolio, S.A.;

   (o) all assets of Planate Business, S.A.;

   (p) all assets of Improvo; and

   (q) all assets of Cantina.

(items (a) through (q) collectively, the "Forfeited Assets"); and

  WHEREAS, by virtue of the defendant having pleaded guilty to Count One of the Indictment, the United States is now entitled to the entry of an order, pursuant to 18 U.S.C. § 982 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure.

  NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

  1. The defendant shall forfeit all of his right, title and interest in the Forfeiture Money Judgment and the Forfeited Assets, pursuant to 18 U.S.C. § 982(a)(1).

  2. As the Forfeiture Money Judgment has been fully satisfied, the United States shall file a Release of Notice of Pendency with respect to the real properties and premises located at: (a) Unit #7D, Tower II, of the Atrium of Palm Beach Condominiums, Palm Beach, Florida, held in the name of John A. Marciano and Deborah J. Marciano; and (b) all right, title, and interest in 8 Chestnut Hill Court, Upper Brookville, New York, held in the name of John Marciano.

  3. Upon entry of this Order, the United States Attorney General or designee is authorized to seize the Forfeited

3

Assets and all monies paid toward the Forfeiture Money Judgment, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States Marshals Service shall publish notice of this Order of Forfeiture in a newspaper of general circulation in this district, and of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct.

5. Any person, other than the defendant, asserting a legal interest in the Forfeited Assets must within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the Forfeited Assets, and for an amendment to this order pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(c).

6. Any petition filed by a third-party asserting an interest in the Forfeited Assets shall (i) be signed by the petitioner upon penalty of perjury; (ii) set forth the nature and extent of the petitioner's right, title or interest in the Forfeited Assets; and (iii) set forth any additional facts supporting the petitioner's claim and relief sought.

7. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in any assets identified and/or seized in accordance with Fed. R. Crim. P. 32.2(e)(1) as a substitute for publishing notice as to those persons so identified.

8. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. Pursuant to the Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), giving the United States clear title to the Forfeited Assets.

10. This Order shall be final and binding only upon the Court's "so ordering" of the order.

11. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order.

12. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order of Forfeiture to Assistant United States Attorney Kathleen A.

Nandan, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
January 31, 2008

                                        HONORABLE LEONARD D. WEXLER
                                        UNITED STATES DISTRICT JUDGE

A TRUE COPY
ATTEST
DATED Jan 31, 2008
ROBERT C. HEINEMANN
CLERK
BY _____ DEPUTY CLERK